USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
U.G., an infant, by his mother and natural : 
guardian, ASSETA NANEMA, and ASSETA :
NANEMA, individually, :
 :
                      Plaintiffs, :     21-CV-2615 (VEC)
        -against- :
 :     OPINION AND
UNITED STATES OF AMERICA, :        ORDER
 :
                      Defendant. :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Plaintiffs, a mother and her child, bring this medical negligence and malpractice case against the United States pursuant to the Federal Tort Claims Act (the "FTCA") based on the child's permanent brachial plexus injury sustained during birth. Plaintiffs allege that the obstetrician who delivered U.G. caused his injury by using excessive force on his head and shoulders during delivery. *See generally* Compl., Dkt. 1. The Court previously granted the Government's motion to preclude Plaintiffs' experts from testifying that the child's injury could not have occurred absent the obstetrician's movement of his head during delivery. *See* Opinion & Order, Dkt. 45. The Government now moves for summary judgment. *See* Gov't Not. of Mot., Dkt. 48. For the following reasons, the motion is GRANTED.

## BACKGROUND[1]

Plaintiff Asseta Nanema ("Nanema") gave birth to U.G. on October 2, 2018. Gov't 56.1 Stmt., Dkt. 50, ¶ 1. Shortly after his birth, U.G. was diagnosed with permanent Erb's palsy affecting his right arm.[2] *Id.* ¶ 2.

Plaintiffs filed this action on March 25, 2021, alleging that the federal-employee obstetrician who delivered U.G., Dr. Sandy Bui ("Dr. Bui"), committed malpractice because she used excessive force on U.G.'s head and shoulders during delivery, injuring his brachial plexus. *See generally* Compl.

Plaintiffs submitted two final expert reports in support of this action: the expert report of Dr. Richard Luciani, Dkt. No. 38-1 (the "Luciani Report"), and the expert report of Dr. Daniel Adler, Dkt. No. 38-3 (the "Adler Report"). *See* Gov't 56.1 Stmt. ¶ 3.

The Luciano Report concluded that "[o]bstetrical negligence during the delivery process by Dr. Bui caused the permanent brachial plexus injury noted in this case." Luciani Report at 5. This conclusion was based on Dr. Luciano's belief that, absent underlying medical causes, a permanent brachial plexus injury is only caused by an obstetrician's "excessive" traction. *Id.* at 4.[3]

---

[1]  All facts described herein are undisputed unless otherwise indicated. *See generally* Gov't 56.1 Stmt., Dkt. 50; Pls. 56.1 Counterstmt., Dkt. 54.

[2]  Erb's palsy is a disorder in which the brachial plexus, a group of nerves near the shoulder that connects the spine to the arm and hand, is stretched or torn. *See* Adler Report, Dkt. 38-3, at 3–5. Erb's palsy is sometimes referred to as a brachial plexus injury.

[3]  Dr. Luciani testified that eyewitness testimony from U.G.'s parents, which was consistent with the application of excessive traction by Dr. Bui, merely "solidif[ied]" his opinion after it was already formed. Luciani Dep., Dkt. 42-6, at 25:20–26:3. As further discussed *infra*, Plaintiffs dispute this characterization of the Luciani Report.

The Adler Report likewise concluded that, because U.G.'s medical records did not indicate that he had any underlying conditions that would exaggerate the risk of nerve stretch, the nerve stretch that caused U.G.'s injury occurred after his head was delivered when Dr. Bui moved his head. Adler Report at 5–6.[4]

On October 13, 2022, the Court granted the Government's motion to preclude Plaintiffs' experts from testifying that (1) U.G.'s injury could not have occurred absent Dr. Bui's movement of his head and (2) Nanema's forces of labor could not have caused U.G.'s injury. Gov't 56.1 Stmt. ¶ 4 (citing Opinion & Order, Dkt. 45, at 13).

On November 23, 2022, the Government moved for summary judgment. *See generally* Gov't Not. of Mot..

## DISCUSSION

Defendant's motion for summary judgment is granted because Plaintiffs have no expert testimony regarding the cause of U.G.'s injury.

### I. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks and citation omitted).

---

[4] When asked about the basis for his conclusion that Dr. Bui's movement of U.G.'s head caused his injury, Dr. Adler testified that "[t]he injury is proof of what happened" and that the parents' "[t]estimony didn't change [his] opinion in any way." Adler Dep., Dkt. 42-5, at 95:10–14; 41:18–19. As further discussed *infra*, Plaintiffs dispute this characterization of the Adler Report.

While the Court must construe the facts in the light most favorable to the non-moving party, "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Fed. Trade Comm'n v. Moses*, 913 F.3d 297, 305 (2d Cir. 2019) (internal quotation marks and citation omitted). Accordingly, to defeat a motion for summary judgment, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial;" a "scintilla of evidence" is not enough. *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010) (internal quotation marks omitted); *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (internal quotation marks and citation omitted); *see also D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) (noting that a party "must offer some hard evidence showing that [her] version of the events is not wholly fanciful"); *Baity v. Kralik*, 51 F. Supp. 3d 414, 417–18 (S.D.N.Y. 2014) (noting that a party opposing summary judgment must "specifically respond to the assertion of each purported undisputed fact . . . and, if controverting any such fact, [must] support its position by citing to admissible evidence in the record").

New York law governs Plaintiffs' malpractice claim. *See Mortise v. United States*, 102 F.3d 693, 696 (2d Cir. 1996); *Shields v. United States*, 446 F. App'x 325, 326 (2d Cir. 2011). To establish medical malpractice under New York law, a plaintiff must show "(1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage." *Bloom v. City of New York*, 202 A.D.2d 465, 465 (2d Dep't 1994) (internal quotation marks and citation omitted).

Expert testimony is "necessary to prove a deviation from accepted standards of medical care and to establish proximate cause" unless an "ordinary juror" could assess the matter based

on her experience and observation. *Lyons v. McCauley*, 252 A.D.2d 516, 517 (2d Dep't 1998); *see also Sitts v. United States*, 811 F.2d 736, 739 (2d Cir. 1987).

To establish proximate cause, a plaintiff must show that the physician's negligence was a "substantial factor" in causing the injury. *Malone v. Kim*, 96 A.D.3d 477, 477 (1st Dep't 2012) (quoting *Mortensen v. Mem'l Hosp.*, 105 A.D.2d 151, 158 (1st Dep't 1984)); *see also A.B. by Alverez v. United States*, No. 16-CV-2554 (LMS), 2019 WL 10302175, at *9 (S.D.N.Y. Apr. 17, 2019).[5] A breach of duty was a "substantial" factor in causing the injury if it "had such an effect in producing the injury that reasonable people would regard it as a cause of the injury." *SUEZ Water New York Inc. v. E.I. du Pont de Nemours & Co.*, 578 F. Supp. 3d 511, 539 (S.D.N.Y. 2022) (quoting *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 725 F.3d 65, 116 (2d Cir. 2013)).

## II.   Application

Plaintiffs do not dispute that expert testimony is necessary to establish a triable issue of fact with respect to negligence and the cause of U.G.'s injury. At issue is whether they proffered such testimony. Plaintiffs maintain that they did because their experts opined that Dr. Bui

---

[5] The Government asserts, and Plaintiffs do not challenge, that in addition to showing that a physician's negligence was a "substantial factor" in causing the injury, Plaintiffs must show both general and specific causation. *See* Gov't Mem. in Supp. of Mot., Dkt. 49, at 4; Pls. Mem. in Opp., Dkt. 53, at 2.

Because most courts in this Circuit have applied the "substantial factor" test rather than requiring plaintiffs to separately establish general and specific causation in medical malpractice cases under New York law, however, the Court will do the same. *See Potter v. United States*, No. 17-CV-4141 (AJN), 2020 WL 2836440, at *4 n.2 (S.D.N.Y. May 30, 2020). That said, both standards yield the same result; Plaintiffs have failed to proffer expert testimony that Dr. Bui's negligence was the cause of *U.G.'s injury* as opposed to the possible cause of any brachial plexus injury sustained by any child she delivered. Both inquiries therefore "merge in practice." *Id.*; *compare Arkin v. Resnik*, 68 A.D.3d 692, 694–95 (2d Dep't 2009) (affirming summary judgment in favor of a physician in a medical malpractice case by applying the substantial factor standard because the plaintiff's expert failed to link the plaintiff's injuries to negligent care in the specific case at issue) *with Durant v. United States*, No. 17-CV-0902 (GTS), 2020 WL 1274326, at *13 (N.D.N.Y. Mar. 17, 2020) (granting the Government's motion for summary judgment because the plaintiff did not offer admissible expert testimony showing that the use of a blood pressure cuff was the specific cause of the plaintiff's injury).

caused U.G.'s injury based on the experts' review of eyewitness observations from U.G.'s parents and because excessive traction can cause a brachial plexus injury. Pls. Mem. in Opp., Dkt. 53, at 2–4. The Court disagrees.

As the Court already explained when granting the Government's motion to exclude Plaintiffs' expert testimony, the opinions of Plaintiffs' experts do not hinge on testimony from U.G.'s parents. *See* Opinion & Order, Dkt. 45, at 12. Rather, the premise for their opinions is that, absent certain pre-existing conditions that can exaggerate a baby's risk of nerve stretch during delivery, the sole possible cause of permanent brachial plexus injury is the use of excessive traction by the person delivering the baby. *Id.*

Such *ipse dixit* reasoning is insufficient to create a triable issue of fact with respect to negligence and causation; there is no expert evidence that Dr. Bui's conduct, as opposed to the forces of labor, proximately caused U.G.'s injury. *See Potter v. United States*, No. 17-CV-4141 (AJN), 2020 WL 2836440, at *6–8 (S.D.N.Y. May 30, 2020) (granting summary judgment for the Government in a medical malpractice case because the plaintiff's expert opinions regarding causation were based on *ipse dixit* reasoning); *Melendez v. Parkchester Med. Servs., P.C.*, 76 A.D.3d 927, 927–29 (1st Dep't 2010) (affirming summary judgment in favor of health care providers in a medical malpractice case because the plaintiff failed to show through expert evidence that a deviation from the accepted standard of care had a negative impact on the course of treatment in the specific case at issue); *cf. Johnson v. St. Barnabas Hosp.*, 52 A.D.3d 286, 288 (1st Dep't 2008) (affirming a directed verdict in favor of health care providers because the opinion of plaintiffs' expert that healthcare providers departed from the standard of care when

delivering a child was solely based on the existence of a brachial plexus injury).[6]  Plaintiffs have therefore failed to satisfy their burden at summary judgment.

## CONCLUSION

For the foregoing reasons, the Government's motion for summary judgment is GRANTED.  The Clerk of Court is respectfully directed to close the open motion at docket entry 48 and to close the case.

**SO ORDERED.**

Date:  April 27, 2023
       New York, New York

**VALERIE CAPRONI**
**United States District Judge**

---

[6] Plaintiffs argue that summary judgment is unwarranted because *the Government's* experts offered only conclusory opinions that U.G.'s injuries were caused by the forces of labor rather than by Dr. Bui.  Pls. Mem. in Opp. at 2–3.  Although a defendant moving for summary judgment in a medical malpractice case governed by New York law must make a prima facie showing that there was no departure from the standard of care that caused injury, *see Guctas v. Pessolano*, 132 A.D.3d 632, 633 (2d Dep't 2015), federal law allows the moving party to discharge its burden by pointing to "an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The sufficiency of the Government's evidence is, therefore, irrelevant.  *See Shields v. United States*, 446 F. App'x 325, 326–27 (2d Cir. 2011) (affirming summary judgment in favor of the Government in part because the plaintiff failed to adduce expert testimony to establish a prima facie case of medical malpractice under New York law); *Zeak v. United States*, No. 11-CV-4253 (KPF), 2014 WL 5324319, at *8 (S.D.N.Y. Oct. 20, 2014) (explaining that "federal law governs the burdens that the parties must meet at the summary judgment stage" in a medical malpractice case under the FTCA and noting that the Government may satisfy its burden by pointing to a plaintiff's lack of expert evidence).